Ewing, C. J.
delivered the opinion of the court.
The removal of the pauper in this case was determined to have been illegally made, and the order of removal was quashed, because a copy of the evidence on which the adjudication of settlement was founded, was not delivered with *344 the pauper to the overseers of the township of Independence. The Court of Quarter Sessions erred. The transmission and delivery of a copy of the evidence is not required when the removal is made from one township to another, in a county where no poor house is erected. The fourth section of the supplement to- the act for the settlement and relief of the poor, passed 10th June, 1820, Rev. Laws 764, relates to the removal of a poor person who needs relief, and has a settlement in any township of the county where he seeks it, to the poor house of the county, if there be a poor house; and also to the removal of a pauper from a township in one county to a township in another county; but does not relate to a removal from one township to . another in the same county where there is no county poor house. Such is the just construction of the section. It treats of á removal' to a poor house, and of the delivery of a pauper to the steward of a poor house, and directs the delivery of a copy of the evidence on which the adjudication of settlement was founded, with the pauper, to the steward of the poor house. The words are precise, and are not susceptible in themselves of extension to the case of a removal to a township, or a delivery to the overseers. We cannot say that a copy of the evidence shall be sent to the overseers *277] *of a township where there is no county poor house, or the removal be deemed illegal, when the legislature have not thought proper to say so. The probability is that the legislature in this part of the section intended simply to provide a mode whereby paupers might be sent to a poor house; for by the previous laws no mode had been provided. Is it asked, if there be not the same reason for sending a copy of the evidence with the pauper to the overseers, as to the steward, on removal ? 'It may so appear to- us. But the legislature may have thought very differently. And when the legislature have enacted a rule for a specified case, we are not thereby authorized to apply the same rule to some other case not'within the reach of the language they *345 have used, because we may think the rule would he equally wise and judicious in such other case. In another section of the same act certain relations are required to provide for the maintenance of each- other. Will any one say, the sessions might order some other relative, not named, to provide maintenance, because they should be of opinion humanity or sound policy equally required the assistance of such other relative ?
Let a mandamus issue.